THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INDIRA RAI-CHOUDHURY,<br><br>    Plaintiff,<br><br> v.<br><br>UNIVERSITY OF BRITISH COLUMBIA, a foreign corporation,<br><br>    Defendant. | CASE NO. C18-1153-JCC<br><br>ORDER |

This matter comes before the Court on Defendant University of British Columbia's motion to dismiss and for summary judgment (Dkt. No. 14). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I.  BACKGROUND

Margaret Rai-Choudhury passed away on November 25, 2016. (Dkt. No. 1-1.)[1] Margaret was a resident of Whatcom County, Washington, and all of her real and personal property was located in Whatcom County. (*Id.*) In September 1999, Margaret executed a will that devised her community property interest in her husband's retirement account to her husband and devised the

---

[1] Margaret Rai-Choudhury will be referred to by her first name to avoid confusing her with Plaintiff. The Court means no disrespect by using this naming convention.

ORDER
C18-1153-JCC
PAGE - 1

rest of her property to trusts for the benefit of her husband and her daughter, Plaintiff Indira Rai-Choudhury. (*Id.*) In July 2015, after filing for divorce from her husband, Margaret executed a new will (the "2015 Will"). (*Id.*) The 2015 Will devised 50 percent of Margaret's estate to Defendant and 50 percent to a trust established for her grandchild. (*Id.*) The 2015 Will also made Defendant the beneficiary of her non-probate assets. (*Id.*)

Defendant is a public university incorporated under the laws of Canada. (Dkt. No. 15.) Defendant has two main campuses and several smaller facilities located throughout British Columbia. (*Id.*) Defendant neither maintains a campus nor conducts operations or corporate governance functions in Washington. (*Id.*) Margaret worked in the Circulation Division of Defendant's library for a few years in the mid-1950s, but had no contact with Defendant since then. (*Id.*; Dkt. No. 1-1.) In 2017, Defendant learned that it had been named as a beneficiary in the 2015 Will. (Dkt. Nos. 15, 17-2 at 15.) Defendant was also told that Plaintiff had been disinherited and that a will contest was likely. (Dkt. No. 17-2 at 17.) The assets at issue have not yet been distributed to Defendant. (Dkt. No. 15.)

In March 2017, Plaintiff sued Margaret's estate in Washington state court, alleging that the 2015 Will was invalid because Margaret was acting under an insane delusion, lacked capacity, or was under an undue influence at the time she executed it. (Dkt. No. 16-1 at 2, 19.) Margaret's estate moved for summary judgment, which the state court granted after continuing the hearing to allow Plaintiff to gather additional evidence. (*Id.* at 35–40, 50–73, 75–95.) Plaintiff moved for reconsideration, which was denied. (*Id.* at 97–109, 112–16.) Plaintiff appealed the state court's decision, and the appeal remains pending. (*Id.* at 118.) During the state court litigation, Defendant and Margaret's estate corresponded about the case. (Dkt. No. 17-2 at 19–48.) In January 2018, Margaret's estate sent Defendant the contact information for Wells Fargo, as the non-probate asset at issue was a financial account held at Wells Fargo. (*Id.* at 50; *see* Dkt. No. 17 at 3.)

In May 2018, Plaintiff sued Defendant in Washington state court, alleging that Margaret

was not competent or was under an insane delusion when she executed the 2015 Will and named Defendant as a beneficiary. (Dkt. No. 1-1 at 6.) Defendant removed the case to this Court. (Dkt. No. 1.) Defendant now moves to dismiss Plaintiff's complaint for lack of personal jurisdiction, and in the alternative for summary judgment because Plaintiff's claims are barred by collateral estoppel. (Dkt. No. 14.)

**II. DISCUSSION**

A district court must dismiss claims against a defendant if it lacks personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When a defendant seeks dismissal on this ground, the plaintiff must prove jurisdiction is appropriate. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). When "a defendant's motion to dismiss is based on a written record and no evidentiary hearing is held, 'the plaintiff need only make a prima facie showing of jurisdictional facts.'" *Id*. (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)).

To determine whether it has personal jurisdiction, a federal court applies the law of the forum state, as long as that law is consistent with federal due process. *Diamler AG v. Bauman*, 134 S. Ct. 746, 753 (2014). Washington grants courts the maximum jurisdictional reach permitted by due process. *Easter v. Am. W. Fin.*, 381 F.3d 948, 960 (9th Cir. 2004). Thus, the only question remaining for the Court is whether its exercise of jurisdiction comports with the limitations imposed by due process. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413 (1984). A court may not exercise jurisdiction over a defendant if doing so would "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Fair play and substantial justice mandate that a defendant have minimum contacts with the forum state before it may be haled into a court in that forum. *Id.*

Specific jurisdiction permits a district court to exercise jurisdiction over a nonresident defendant for "suit-related conduct . . . that create[s] a substantial connection with the forum

State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014).[2] To prove that specific jurisdiction exists, a plaintiff must demonstrate that: (1) a defendant purposefully directed its activities at the forum state or purposefully availed itself of the privilege of conducting activities there, (2) the lawsuit arises out of or relates to the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Picot*, 780 F.3d at 1211. The plaintiff has the burden of establishing the first two prongs, and if he or she is successful the burden shifts to the defendant "to set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts . . . ." *Burger King Corp.*, 471 U.S. at 475 (internal quotations omitted). When a defendant does business in the forum, such as executing or performing a contract, it "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). A defendant purposefully directs its conduct toward a forum state when its actions are intended to have an effect within the state. *Schwarzenegger*, 374 F.3d at 803.

Plaintiff cites several contacts between Defendant and Washington to argue that Defendant has purposefully directed its activities at Washington or availed itself of the privilege of conducting activities in Washington. First, Plaintiff argues that "[t]here were continuing obligations of Washington residents towards [Defendant] due to its status as a beneficiary of the estate and nonprobate asset of Margaret Rai-Choudhury." (Dkt. No. 17 at 10.) In support of her argument, Plaintiff cites a passage of *Ballard* stating that "the purposeful availment requirement

---

[2] Plaintiff does not argue that the Court has general jurisdiction over Defendant. (Dkt. No. 17 at 9–14.) The Court agrees, as the record does not demonstrate that Defendant has the type of continuous and systematic contacts that would render it "at home" in Washington. *See Bauman*, 517 U.S. at 127.

ORDER
C18-1153-JCC
PAGE - 4

is satisfied if the defendant has taken deliberate action within the forum state or *if he has created continuing obligations to forum residents.*" (*See id.*) (citing *Ballard*, 65 F.3d at 1498) (internal quotations omitted) (emphasis added)). Notably absent from Plaintiff's contention is an allegation that Defendant created this obligation, as it did not cause Margaret to name it as a beneficiary of her estate, or argument establishing the obligation a passive will beneficiary owes a state or its residents. (*See* Dkt. No. 15 at 2.) Thus, Plaintiff has not demonstrated that Defendant's availment on this ground, if any, was purposeful.

Second, Plaintiff contends that after Defendant was contacted by the estate's attorney, it "sent a letter acknowledging the notification that it was a beneficiary of assets of [Margaret's estate]." (Dkt. No. 17 at 12.) Plaintiff details the subsequent correspondence, which included Margaret's estate notifying Defendant of the possibility of litigation, later updates about Plaintiff's will challenge in state court, and Defendant's acknowledgement that its interest may be challenged by Plaintiff. (*Id.*) Defendant's correspondence to Margaret's estate in Washington were intentional acts. But Defendant's correspondence did not create a contract or other business relationship that availed it of the privilege of conducting activities in Washington. *Picot*, 780 F.3d at 1211. Rather, any relevant relationship between Defendant and Washington existed when Margaret, absent any purposeful action by Defendant, executed the 2015 Will and named Defendant as a beneficiary.

Similarly, Defendant's correspondence with Margaret's estate did not constitute purposeful direction of activities toward Washington. The correspondence between Defendant and Margaret's estate cited by the parties was informational in nature, as it concerned Defendant being notified of its being named as a passive beneficiary in the 2015 Will and the likelihood of a will contest, updates about the Washington state court litigation to which Defendant was not a party, and an email from Margaret's estate providing the contact information for Wells Fargo. (Dkt. No. 17-2 at 15–50.) None of the correspondence evidences an attempt by Defendant to take possession of the assets at issue, and Defendant has in fact not taken possession to date. (*Id.*; Dkt.

No. 15.)³ Thus, Defendant's correspondence with Margaret's estate does not constitute purposeful direction, as it did not have any relevant effect in Washington or on Washington residents. *Picot*, 780 F.3d at 1211; *Schwarzenegger*, 374 F.3d at 803.

Third, Plaintiff contends that the assets at issue are located in Washington, and therefore Defendant's participation in the distribution of the assets should render it subject to specific jurisdiction in Washington. (Dkt. No. 17 at 12.) But the location of the assets at issue does not control the determination of where a given defendant is subject to personal jurisdiction. *See Lazar v. Kroncke*, 862 F.3d 1186, 1201–02 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 2647 (2018) (holding that federal district court in California properly concluded it did not have specific jurisdiction over defendant estate although disputed asset was an Individual Retirement Account opened in California and maintained by a California corporation and defendant estate sent a demand letter regarding the account from California).

Therefore, Plaintiff has not established that Defendant has purposefully directed its activities at the forum state or purposefully availed itself of the privilege of conducting activities there, and thus has not carried her burden under the first prong of the specific jurisdiction analysis. *CollegeSource, Inc.*, 653 F.3d at 1076. Rather, Margaret's naming of Defendant in the 2015 Will absent any purposeful influence from the Defendant is akin to a fortuitous event that does not render Defendant subject to the Court's jurisdiction. *Burger King Corp.*, 471 U.S. at 47.

The Ninth Circuit applies "a 'but for' test to determine whether a particular claim arises out of forum-related activities and thereby satisfies the second requirement for specific jurisdiction." *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995) (citing *Shute v. Carnival Cruise Lines*, 897 F.2d 377 (9th Cir. 1990), *rev'd on other grounds, Carnival Cruise Lines, Inc.*

---

³ Plaintiff argues that the delay in Defendant taking possession of the assets "would not prevent have prevented [sic] a suit against a defendant located in Washington." (Dkt. No. 17 at 13) (citing Wash Rev. Code §§ 11.96A.080(2), 11.96A.030). Plaintiff has not provided substantive argument demonstrating that her ability to seek relief against a Washington defendant under the same facts confers the Court jurisdiction over an out-of-state defendant who has not created contacts with Washington in order to take possession of the asset.

1 | *v. Shute*, 499 U.S. 585 (1991)).

Plaintiff has not established that Defendant's actions are a "but for" cause of her claim. *Ballard*, 65 F.3d at 1500. Plaintiff's complaint alleges that Margaret was not competent or was under an insane delusion when she executed the 2015 Will. (Dkt. No. 1-1 at 6.) In support of her claim, Plaintiff cites Margaret's bizarre behavior toward the end of her life and her historically positive relationship with Plaintiff. (*Id.* at 2–5.) Plaintiff's complaint does not assert that Defendant's alleged purposeful actions toward Washington, such as its correspondence with Margaret's estate, caused Margaret to not be competent when she executed the 2015 Will or caused Margaret to name Defendant as a beneficiary. (*See generally id*.) Moreover, the 2015 Will would still have named Defendant as a beneficiary and Plaintiff's cause of action challenging the validity of the 2015 Will would still exist absent the contacts between Defendant and Washington cited by Plaintiff in her response to Defendant's motion to dismiss. Therefore, Plaintiff has also not carried her burden under the second prong of the specific jurisdiction test of demonstrating that Defendant's contacts with Washington gave rise to the claim at issue. *CollegeSource, Inc.*, 653 F.3d at 1076.

Because Plaintiff has failed to carry her burden of establishing the first two prongs of the specific jurisdiction test, the Court need not reach the issue of whether Defendant has carried its burden of establishing that the exercise of jurisdiction would not be reasonable. *CollegeSource, Inc.*, 653 F.2d at 1076. Therefore, Defendant's motion to dismiss for lack of personal jurisdiction is GRANTED and Plaintiff's complaint is DISMISSED. Because the Court dismisses for lack of personal jurisdiction, it need not reach Defendant's motion for summary judgment arguing that Plaintiff's claim is barred by collateral estoppel. (Dkt. No. 14 at 9–11.)

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 14) is GRANTED. Plaintiff's complaint is DISMISSED for lack of personal jurisdiction.

//

1     DATED this 19th day of December 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE